# SUPREME COURT.

JOHN H. COLE, as administrator, &c., of EDWARD T. WARDWELL, deceased, agt. THE KNICKERBOCKER LIFE INSURANCE COMPANY.

*Insurance, life—When condition in paid-up policy that the non-payment of interest on outstanding premium note on the day when it became due should void the policy is unwarranted and the plaintiff is not bound by it—Husband and wife—Insurance on life of husband payable to the wife under laws of Massachusetts—Where the wife dies intestate before her husband, it goes to the estate of the husband.*

The defendant, in 1866, issued a policy of insurance upon the life of plaintiff's intestate, payable to the wife of the insured. By the laws of Massachusetts, where the insured and his wife resided when the policy was issued, such policy inured to the wife's separate use and benefit, and to the benefit of her children, independent of her husband or his creditors. By the laws of that state, also, the property of a married woman is her own separate estate and may be disposed of by her by will, or if she dies intestate it passes to her legal representatives and

Cole agt. Knickerbocker Life Insurance Company.

is to be disposed of under the statute of distribution of that state. The wife died intestate before her husband and left no children:

*Held*, that by the laws of Massachusetts the insurance money belonged to the estate of her husband, and the action for its recovery was properly brought by his personal representatives.

The original policy contained a clause whereby there was no forfeiture of the entire policy after the payment of two annual premiums, and it was not voided by failure to pay a premium note. The premiums were all paid for ten years, and at the end of the last payment the assured was entitled to receive a paid-up policy "for the full value acquired under the old one, subject to any note that may have been received on account of premiums." The defendant upon issuing the paid-up policy inserted therein a stipulation that the non-payment of interest on the premium note, which was then outstanding on the day when such interest became due should void the policy:

*Held*, that this provision was an unwarranted and audacious act on the part of the insurer, and not having been authorized by the terms of the original policy the plaintiff is not bound by the condition there imposed.

*Special Term, August,* 1882.

*Elliott & S. Sidney Smith,* attorneys; *S. Sidney Smith,* counsel for plaintiff.

*Johnson, Cantine & Deming,* attorneys; *Henry W. Johnson,* counsel for defendant.

MACOMBER, *J.* — I refer to my decision for the facts of the case, and do not again recur to them.

The first objection made to a recovery by the plaintiff is that he has no legal title to the policy sued on. It appears that the contract of insurance was between the defendant and Harriet W. Wardwell, who had an insurable interest in the life of her husband, Edward T. Wardwell. Both the insured and the person for whose benefit the policy was taken resided, at the time of the issue of the policy, in the state of Massachusetss. By the laws of Massachusetts, a policy of insurance on the life of any person, made payable to any married woman, or to any person in trust for her or for her benefit, inures to her separate use and benefit, and to the benefit of her children

independently of her husband or his creditors (*General Statutes of Massachusetts*, 1860, *p.* 330). By the laws of that state, also, the property of a married woman, which she owned at the time of her marriage, or which she subsequently acquired, is her own separate estate, and may be disposed of by her by will, or if she dies intestate it passes to her legal representatives, and is to be disposed of under the statute of distribution of that state (*Public Statutes of Massachusetts*, 1882, *chap.* 147, *sec.* 1; *chap.* 130, *sec.* 1, *sub.* 2).

The wife, for whose benefit the policy was taken, died intestate before the assured, and left no children. It is claimed on the part of the plaintiff, and I think properly, that the insurance money belonged to the estate of her husband, and that it is recoverable by her husband's personal representatives. By the statute already cited the husband is entitled exclusively to the administration, and (in the absence of a will otherwise bestowing her personal estate) the husband, by the same laws, seems to be entitled to the whole of it after paying just debts and funeral expenses (*General Statutes*, 1860, *p.* 485, *sec.* 16). This is in accordance with the common law and the laws of the state of New York up to the time of the enactment of chapter 782 of the Laws of 1867, when such exclusive inheritance was limited to cases where the wife left no descendants (*Barnes* agt. *Underwood*, 47 *N. Y.*, 351).

In the case cited by the counsel for the defendant (*Roe* agt. *Mutual Life Ins. Co.*, 4 *Bigelow*, 254) the wife had disposed of her interest in the policy by will. If Mrs. Wardwell had undertaken to bequeath her interest in this policy by her last will and testament, that act would undoubtedly have taken it beyond the reach of her husband; but not having done so, I find nothing in the statutes or in the cases cited, which conflicts with the position of the plaintiff's counsel that the amount due upon the policy belonged to the husband, and hence this action was properly brought by his personal representatives.

But a more interesting question is presented by the contention of the counsel for the defendant, that the policy sued on was not in force at the time of the death of the insured. It is true that by the terms of the paid-up policy it is expressly stipulated that the non-payment of the interest on the premium note, which was then outstanding on the day when such interest became due and payable by the terms thereof, should render the policy void and of no effect, without notice to any party or parties interested in said policy; and the case of the *Attorney-General* agt. *The North America Life Insurance Co.* (82 *N. Y.*, 191), and the cases there cited and considered, are relied upon to sustain his position. I do not enter upon a discussion of the general question whether a failure to comply with such a condition may be excused in a suit in equity, but content myself only with a consideration of the question whether the condition so put in to the paid-up policy was in pursuance of any agreement between the parties.

The original contract is contained in the policy of August 24, 1866, which is known as a non-forfeiture policy after premiums have been paid for two years. The agreement material to the decision of this case is contained in the following provision of that policy: "It being understood and agreed that if, after the receipt by this company of not less than two or more annual premiums, this policy should cease in consequence of non-payment of the premiums, then upon a surrender of the same, the company would issue a new policy for the full value acquired under the old one, subject to any notes that may have been received on account of premiums. That is to say, if payments for two years have been made, it will issue a policy for two-tenths of the sum originally insured, if for three years for three-tenths, and in the same proportion for any number of payments without subjecting the assured to any subsequent charge, except the interest annually, on all premium notes remaining unpaid on this policy." A further provision of the original policy and agree-

ment is : "And the omission to pay the said annual premium on or before twelve o'clock at noon on the day or days above mentioned for the payment thereof, or failure to pay at maturity, any note (other than the annual premium note) given for premium, interest or other obligation on this policy, shall then and thereafter cause said policy to be void without notice to any party or parties interested herein." It will thus be seen that by paying the premiums for two or more years, the right to the non-forfeiture features of a policy was secured to the assured. There was, therefore, by the original policy, no forfeiture of the entire policy after the payment of two annual premiums.

It does not appear in the case that any note was given by the assured to the defendant for any purpose "other than the annual premium note," and it was expressly excepted out of the operation of the original agreement. The premiums were all paid for the entire ten years, and at the end of the last payment the assured was entitled to receive a paid-up policy in accordance with the original agreement, and he was entitled to receive this "for the full value acquired under the old one, subject to any note that may have been received on account of premiums." In other words, he was entitled to receive a paid-up policy absolutely, subject to a deduction for any indebtedness which he owed the defendant.

The defendant, however, upon issuing the paid-up policy, saw fit to insert in its conditions a clause which was not warranted by the original policy. That condition is as follows : " If the interest upon said notes or credits shall not be paid on or before the day or days above mentioned for the payment thereof, at the office of the company, in the city of New York, unless otherwise expressly agreed in writing, or to agents when they produce receipts signed by the president and secretary, then, and in every such case, the company shall not be liable to pay the sum assured, or any part thereof, and said policy shall cease and become null and void, without notice to any party or parties interested therein." This, as it

seems to me, was an unwarranted and audacious act on the part of the insurer. There is no evidence whatever of any consideration for this new ground of forfeiture, and there is no evidence that the assured accepted the paid-up policy with any notice of this new provision, except that the receipt or note which he signed contained its substance. For the purposes of this case, I hold that if this forfeiture clause had been authorized or warranted by the terms of the original policy, the plaintiff would be bound by it; but, not having been so authorized, I have been cited to no authority which would justify the court in binding him to the condition there imposed.

Upon examination of the printed case in *The Attorney-General* agt. *The North America Life Insurance Company* (82 *N. Y.*, 191), it does not appear that the condition in the paid-up policy of forfeiture in case of the non-payment of the interest upon premium notes was not in pursuance of the original policy. On the contrary, I infer from the entire case that that provision was justified by the original agreement between the parties. The case of *Thompson* agt. *The Knickerbocker Life Insurance Company*, decided by the supreme court of the United States, not yet reported, but the opinion in which has been furnished me, the note, the failure to pay which was set up as a forfeiture, expressly provided, in accordance with the provisions of the policy itself, that the policy was to be void in case the note was not paid at maturity. That case rests, so far as this point is concerned, as I understand the facts of it, upon the original agreement between the parties, for which there was a good and valuable consideration. I have not had an opportunity to examine the printed cases cited from the Insurance Law Journal by the learned counsel for the defendant, and cannot speak of them explicitly, but I do not understand any of them to be a case where a paid-up policy, without any consideration whatever, has undertaken to impose harsh and unconscionable forfeiture clauses

that were not provided for or warranted by the original policy, but which were contrary to the original policy.

Upon the proofs before me I am of the opinion that the plaintiff is not bound by the forfeiture clause, but can recover upon the policy notwithstanding it.

Judgment must be ordered for the plaintiff in accordance with my findings.