EDDY v. PHŒNIX MUTUAL LIFE INSURANCE COMPANY.

Stipulations for a forfeiture are to be strictly construed.

A "paid up" policy in a mutual life insurance company is not forfeited by failure to pay the interest on premium notes given on the original policy, nor (when the amount to be paid is unknown to the insured) unless the insurer notifies the insured of the true amount due, although the policy contains a condition of forfeiture on failure to pay the interest on such notes when due.

CLARK, J.   The policy in suit purports to be a "paid up" policy in lieu of policy No. 39,135, issued Sept. 24, 1869.   The contract set forth in the policy is, that in consideration of $480.25 paid, and of the annual payment of interest on four notes on or before the eleventh day of November in every year during the continuance of

the policy, the company insure the life of James O. Eddy in the amount of $500, which the company agree to pay according to the terms of the policy, " any indebtedness to the company on account of this policy being first deducted therefrom." The policy contains the following conditions: *First.* . . . " In case any note given for the cash part of premium on this policy shall not be paid at maturity, or in case the interest is not paid annually in advance on any notes which may be given for any portion of the premiums on this policy, then, and in every such case, the policy shall be null and void." *Second.* " If the said interest shall not be paid . . . on or before the date above mentioned, then if interest has been regularly paid in advance on all premium notes given by the assured, in every such case the said company shall only be liable for the payment of a part of the sum insured, proportionate with the annual payments made, for which a new policy shall be issued if applied for within twelve months as above specified, and this policy shall cease and determine."

As the policy was a " paid-up " policy with no premium to be paid and no premium notes to be given, the conditions contained in it have no application strictly. The four notes outstanding upon which interest was to be paid were over-due premium notes on a former policy, in lieu of which the policy in suit was given ; and the case finds that the plaintiff was induced to take out the original policy by representations and assurances that all endowment policies issued by the company were non-forfeiting, and that after two or more premiums had been paid, if he should desire to discontinue further payments, a paid-up policy would be issued on surrender of the original policy for a proportionate amount of the original policy, according to the number of premiums paid.

A policy issued under such circumstances should be interpreted as the assured understood it and the company intended he should understand it, if all parts of the contract taken together admit of such a construction. The company represented that the " paid-up " policy would be non-forfeiting, and the assured so understood it. It contains a provision for the payment of any indebtedness to the company by deducting it from the amount of insurance secured by the policy, and the failure to pay the interest in advance upon the notes given on the original policy is to be treated as an indebtedness to the company and not as a forfeiture of the " paid-up " policy. *Cowles* v. *Continental Life Ins. Co.*, 63 N. H. 300 ; *Montgomery* v. *Phœnix Mutual Life Ins. Co.*, 14 Bush 59 ; *Cole* v. *Knickerbocker Ins. Co.*, 63 How. Pr. 445 ; *N. W. Life Ins. Co.* v. *Little*, 56 Ind. 504 ; *Ohde* v. *N. W. L. Ins. Co.*, 40 Iowa 357 ; *Symonds* v. *N. W. L. Ins. Co.*, 23 Minn. 491 ; *Hull* v. *N. W. L. Ins. Co.*, 39 Wis. 397 ; *Franklin L. Ins. Co.* v. *Wallace*, 93 Ind. 17 ; *N. W. L. Ins. Co.* v. *Fort's Admr.*, 82 Ky. 269 ; *St. Louis M. L. Ins. Co.* v. *Grigsby*, 10 Bush 310.

Aside from the question whether the policy required a forfeiture

for non-payment of the interest on the premium notes of the original policy, the company cannot insist upon a forfeiture upon the facts found in the case. When the insured shares in the profits, and at the time when the annual premium becomes due cannot know what amount he will be required to pay the company, the insurers cannot insist upon a forfeiture until they give the insured notice of the amount he is required to pay. May Insurance 500 ; *Home Life Ins. Co.* v. *Pierce*, 75 Ill. 426. Stipulations for a forfeiture are to be strictly construed. It was the duty of the company to give the plaintiff notice of the amount of interest required to be paid, and to entitle them to insist on a forfeiture the notice must be of the exact sum. According to the contract the rate of interest to be paid was six per cent. The notice given claimed interest at seven per cent., which was one per cent. more than the company were entitled to demand, and the plaintiff's failure to pay the excessive amount demanded did not work a forfeiture of the policy. *Nowell* v. *Wentworth*, 58 N. H. 319.

*Judgment for the plaintiff.*

BLODGETT, J., did not sit: the others concurred.

*Leach & Stevens*, for the plaintiff.

*S. G. Lane* and *W. L. Foster*, for the defendants.