## OKLAHOMA FIRE INS. CO. v. REDDINGTON.

No. 6366.    Opinion Filed April 11, 1916.

(156 Pac. 1165.)

**INSURANCE—Forfeiture—Nonpayment of Premium.** Where a loss occurred under an insurance policy, prior to the maturity of a premium note, and the insurer denied liabllity, but was afterwards held to be so liable, and where, after the maturity of the note, the insurer demanded payment thereof, a second loss occurring while the amount due for the first loss is still unpaid, **held**, that the insurer will not be permitted to pay the first loss in full and declare the policy forfeited as of date of the maturity of the note, especially in view of the provision of the premium note requiring an offset thereof in case of liability under the policy.

(Syllabus by Burford, C.)

*Error from District Court, Caddo County;*
*J. T. Johnson, Judge.*

Action by M. C. Reddington against the Oklahoma Fire Insurance Company on an insurance policy for loss by tornado. Judgment for plaintiff, and defendant brings error. Affirmed.

*Burwell, Crockett & Johnson,* for plaintiff in error.

*West & Hagan,* for defendant in error.

Opinion by BURFORD, C. The plaintiff below, M. C. Reddington, took out a joint fire and tornado policy with the Oklahoma Fire Insurance Company covering certain farm buildings, machinery, grain, and live stock. For the

premium he gave a note which, among other things, provided:

"If this note is not paid at maturity said policy shall then cease and determine and be null and void, and so remain until the same shall be fully paid and received by said company, or in case of loss under said policy, prior to the maturity of this note it shall immediately become due and payable and shall be deducted from the amount of said loss."

The policy issued to Reddington provided:

"But it is expressly agreed that the company shall not be liable for any loss or damage that may occur to the property herein mentioned while any promissory note or obligation or part thereof, given for the premium, remains past due and unpaid. In case of loss prior to the maturity of any note given as consideration the company may deduct said note in the settlement of claim."

After the issuance of the policy and prior to maturity of the note, a loss by fire occurred. The insurer denied liability, and one M. E. West, a mortgagee of the premises, in whose favor a "loss payable" clause was attached to the policy, brought suit for the amount of the loss, in which suit he conceded the right of the insurer to offset the premium note and consented that it do so. A judgment was rendered in the action against the insurer for an amount largely in excess of the amount of the premium note, which had meanwhile become due. While this action was pending the insurer made an unconditional demand for payment of the premium note. After judgment, but before payment thereof, a loss by tornado occurred. After the loss the insurer paid the judgment in the pending suit in full into court and denied liability upon the loss by tornado, upon the ground that the non-payment of the premium note avoided liability for such

loss, still, however, retaining the note in its possession. Plaintiff sued, the insurer pleaded the non-payment of the note, and that the policy had been materially altered after issuance. Plaintiff replied, denying the second defense and pleading waiver and estoppel as to the first. Judgment was rendered for plaintiff, and defendant appeals.

Can the waiver or estoppel be maintained? Upon the question of waiver by a demand for payment of a premium note under policy provisions similar to those involved in the instant cause, the adjudicated cases are in hopeless conflict. Many of the decisions are collected in the notes to *Iles v. Mutual Reserve Life Ins. Co.*, 18 L. R. A. (N. S.) 902, and *Limerick v. Home Ins. Co.*, 44 L. R. A. (N. S.) 371.

In *Shawnee Mutual Fire Ins. Co. v. Cannedy*, 36 Okla. 733, 129 Pac. 865, 44 L. R. A. (N. S.) 376, this court held in a similar case:

"That the company, by retaining the notes and endeavoring to collect them in full, waived the provision that the policy should be void if the notes were not paid at maturity."

True, in that case, one of the notes had been reduced to judgment, but the principle involved is the same. In view of that decision, and the ample authority sustaining it, we are not inclined to overrule it. Plaintiff in error insists, however, that it could not be held liable for this loss by waiver before it knew of the loss, or before it had occurred, but the fallacy of this argument is that the waiver is not of anything happening at the time of loss, but of the forfeiture of the policy which occurred, if at all, when the note matured and was unpaid. Having sought unconditionally to collect the whole of the note

after maturity, the insurer must be held to have regarded the policy as in effect at that time, since, otherwise, the most to which it could have been entitled was the "short" rate" premium for the time between the issuance of the policy and the date of forfeiture. *Shawnee Mut. Ins. Co. v. Cannedy, supra.* If the forfeiture by reason of nonpayment of the note was waived, then the policy, under its terms, could thereafter be canceled only by giving five days' notice, which was not done, and it would therefore continue in effect until canceled in the proper way, or until the expiration of its term. The time of the loss or knowledge thereof has nothing to do with waiver of forfeiture by reason of nonpayment of the premium note.

It is urged by the defendant in error that inasmuch as the judgment obtained by West established that prior to the maturity of the note the insurer was indebted upon the policy in excess of the amount of the note, and as an offset was conceded, payment of the note was thereby effected. But it must be conceded that mere mutual indebtedness does not create payment. It is further true that the provisions of the note and of the policy, as to the application of the amount of any loss to the payment, are divergent, those of the note being mandatory, and those of the policy being permissive only, and that in a similar case *(Travelers' Fire Ins. Co. v. Mercer,* 32 Okla. 503, 122 Pac. 134) we held that the terms of the policy modified those of the note, but that was upon the principle that the contract was to be construed so as to be most beneficial to the assured, and the application of the same principle in this case would work a different result. Upon the question of payment of premium by funds in the hands of the insurer the authorities are likewise widely divergent

in view. The following support the doctrine that in such cases a forfeiture for nonpayment will not be permitted: *Kirkpatrick v. South Australian Ins. Co.*, 11 House of Lords Appeal Cases, 177; *Williams v. British Marine Mut. Ins. Co.*, 57 L. T. 27; *Girard Ins. Co. v. Mutual Life Ins. Co.*, 97 Pa. 15; *Matlack v. Mutual Life Ins. Co.*, 180 Pa. 360, 36 Atl. 1082; *Conley v. Ins. Co.*, 93 Me. 467, 45 Atl. 508; Joyce on Insurance, sec. 1235; *Franklin Life Ins. Co. v. Wallace*, 93 Ind. 7; *Smith v. St. Louis Mut. Ins. Co.*, 2 Tenn. Ch. 727; *Van Norman v. Northwestern Mut.*, 51 Minn. 69, 52 N. W. 988.

Upon the whole case, and especially in view of the mandatory language of the note, construing the whole contract most favorably to the assured, we are of the opinion that the forfeiture ought not to be permitted.

Plaintiff in error also complains of the instruction of the trial court to the effect that a material alteration would avoid the contract unless waived, and further complains that waiver was not defined. It is the settled rule of this court that parties may not complain of failure to instruct when they have neither offered nor requested anything upon the particular subject. It fairly appears from the record that the insurance company, at the time of the trial over the first loss, knew of what it contended to be the material alteration. It is clear that the parties by treating a contract as in force, after knowledge of an alteration, might waive any right to thereafter deny liability thereunder. Even if there were error in the instruction, the proof at the trial was hardly sufficient for us to say that a substantial injustice was done. The copy of the application attached to the policy was undoubtedly different from the carbon copy held by the company,

but the proof was very meager as to there having been any change in the original application, after the policy was issued, and there was no proof that any change was made by defendant in error or his agent.

Judgment affirmed.

By the Court: It is so ordered.