## BANKERS RESERVE LIFE CO. v. RICE.

No. 12604—Opinion Filed May 13, 1924.

### 1. Contracts—Enforcement of Harsh Terms.

Contracts as made between parties, if within the law, will be given effect according to their provisions, even though they contain harsh terms.

### 2. Insurance—Construction of Contracts—Insured Favored.

Contracts of insurance will be liberally construed in favor of the object to be accomplished, and conditions and provisions of every contract of insurance will be construed against the assurer who proposes and prepares the policy. If a policy of insurance and provisions in connection therewith are capable of being construed in two ways, that interpretation should be placed upon them which is most favorable to the insured.

### 3. Same—Payment of Premium Note as Condition of Policy—Waiver.

If a note is given in payment of the first premium and a condition of the policy is that the insurance shall not become ef-

fective until the prior or contemporaneous payment is made, the payment of the note is a condition precedent. Failure to pay the note will render the policy void ipso facto, without any act on the part of the assurer. But the latter may waive such forfeiture by acts and conduct on its part indicating a purpose to do so.

**4. Same—Payment of Note not Condition of Policy.**

After the payment of the first premium on the policy, which requires such payment by its terms, in order to become effective, if the assurer accepts a note in payment of a premium, containing a condition that failure to pay the note shall render the policy void, failure to pay the note at maturity does not, ipso facto, render the policy void, unless there is a like provision in the policy.

**5. Same—Condition Subsequent.**

The payment of the note is a condition subsequent, and the failure to pay the note at maturity creates an option in favor of the assurer to cancel the policy, if it elects to do so.

**6. Same—Cancellation of Policy—Notice to Insured.**

If the assurer elects to and does cancel the policy, it must cause clear and unequivocal notice of the action to be given the insured in order to effect the forfeiture.

**7. Same—Forfeiture of Policy—Retention of Premium Notes.**

No action on the part of the assurer will operate to forfeit the policy, so long as it retains a note or notes accepted by it in payment of a premium, covering an unearned portion of the premium on the policy and is calling on the insured to pay both earned and unearned portions.

**8. Same—Failure of Insurer to Exercise Option.**

The question is more one of failure to exercise its option to forfeit, rather than the waiver of forfeiture, as in the condition subsequent, the default in payment merely creates an option in favor of the assurer to forfeit the policy. The burden is on the assurer to effect the cancellation, and its failure to do so continues the contract in full force.

**9. Same—Proof of Forfeiture.**

Whether the defendant has effected a forfeiture of the policy is determined, principally, from the facts in the particular case, rather than from some general rule of law.

**10. Same—Cancellation—Nesessity for Notice.**

The formal cancellation of the policy on the records of the assurer or its intention to do so is not binding without notice to the insured.

**11. Same—Policy Upheld.**

Record examined; held, the assurer failed to effect a forfeiture of the policy sued on herein in the lifetime of the insured.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; Frank Mathews, Assigned Judge.

Action by Lola Rice for debt against the Bankers Reserve Life Company on an insurance policy. Judgment for plaintiff. Defendant brings error. Affirmed.

Keaton, Wells & Johnston, for plaintiff in error.

Twyford & Smith, for defendant in error.

Opinion by STEPHENSON, C. This case involves the question of forfeiture of the policy sued on herein by the acts of the insured, who was the husband of the plaintiff. The defendant based its claim for forfeiture on the conditions of the policy and a provision for forfeiture contained in notes given by the insured to the defendant in payment of a premium. The provision in the notes reads as follows:

"If this note is not paid at maturity, policy No. 45795 issued by the Bankers Reserve Life Co. of Omaha, Nebr., for which it is given, shall be ipso facto null and void, without notice to the maker thereof, and without any acts on the part of the company and shall remain so until restored as provided by the terms of said policy."

The policy was issued to the insured on March 19, 1919, and provided that an annual premium should be paid thereafter in advance on March 19th. The policy provided that if the annual premium was not paid when due, it should operate to lapse the policy. The insured was given three years after the lapse of the policy to reinstate the same by paying all due premiums and interest, and furnishing a certificate of good health. The insured failed to make cash payment of premium on March 19, 1920, and the company accepted three promissory notes on March 31, 1920, in payment of the premium, each being in the sum of $120.37. The terms of the policy do not render the same null and void for failure to pay any note at maturity, given in satisfaction of a premium. The condition urged by the defendant for forfeiture of the contract is not found in the policy sued on. It is important to bear in mind the distinction between policies containing a condition providing for the forfeiture of the policy if notes given for the payment of premiums are not paid at maturity, and policies which do not contain such for-

feiture provisions. If the policy contains a provision to the effect that failure to pay notes given in satisfaction of any premium should operate to render the policy void, the default of the insured operates to render the policy null and void without any act on the part of the assurer, or the giving of notice to the insured. Iowa Life Ins. Co. v. Lewis, 187 U. S. 335, 47 L. Ed. 204; Natl. Life Association v. Brown, 103 Ga. 382, 29 S. E. 927. If the policy contains a provision for forfeiture for failure to pay the notes. to allow the forfeiture is merely giving effect to the terms of the contract. Natl. Life Association v. Brown, supra. This case should also be distinguished from cases involving notes given in payment of the first premium. If the policy provides it shall not become effective until the first premium is paid, the payment of the note is deemed a condition precedent. Arnold v. Empire Mutual Annuity and Life Ins. Co. (Ga.) 60 S. E. 476. But in the absence of fraud or mistake, the delivery of a contract of insurance absolute and unconditional is a waiver of the stipulation for prior or contemporaneous payment of the first premium. Kendrick v. Ins. Co., 124 N. C. 315, 32 S. E. 728, 70 Am. St. Rep. 592; Murphy v. Lafayette Mutual Life Ins. Co. (N. C.) 83 S. E. 461. The assurer may waive the cash payment and accept a promissory note in payment of the premium. The acceptance of the note constitutes payment of the obligation as fully as if the payment had been made by cash. Farmers & Merchants Ins. Co. v Wiard (Neb.) 81 N. W. 312; Stuart v. Union Mutual Life Ins. Co, 155 N. Y. 257; Mass. Benefit Life Association v. Robinson, 104 Ga. 256; Ark. Ins. Co. v. Cox, 21 Okla. 873, 98 Pac. 552, 129 Am. St. Rep. 803. If the insured makes payment of the first premium as required by the terms of the policy, this operates to place the contract into effect between the parties. Hipp v Fid. Ins. Co., 129 Ga. 491, 57 S. E. 892; Perry v. Tweedy. 128 Ga. 402, 57 S. E. 782. The payment of notes given in satisfaction of subsequent premiums is a condition subsequent. In the absence of a condition in the policy providing that nonpayment of notes shall operate to forfeit the policy, even though a forfeiture provision be in the note, the failure of the insured to pay the note does not, alone, operate to render the contract of insurance ipso facto null and void. The condition for forfeiture not being in the contract, the company may waive the provision contained in the note or enforce the same according to its choice. Arnold v. Empire Mutual Annuity and Life Ins. Co., supra. Thompson v. Ins. Co., 104 U. S. 252, 26 L. Ed. 765.

When the defendant in this case accepted the three notes in payment of the annual premium due on March the 19th, the acceptance operated as a complete payment of the premium and continued the policy in force. for an additional year's time. However, the continued force of the policy depended on the insured paying the notes at maturity, unless the assurer elected to waive the provision contained in the notes. The annual premium required to be paid in advance on this policy was in the sum of $361.11. The first note was due and payable on September 19th, and represented the payment of the earned premium to July 19th. The second note was due and payable on September 19th, and represented the payment of the earned premium to November 19, 1920. The acts of the insured and defendant mainly relied on for the forfeiture of this policy, occurred during the period of time and prior to the expiration of the period of time represented by the premium as paid by. the first note. In other words, the first note satisfied the premium to July 19th, subject to the right of the assurer to declare a forfeiture of the policy, if the note was not paid on June 19th. The insured failed to pay the note when it became due on June 19th. The insured requested the company to extend the time for payment and several letters passed between the parties in relation to the payment. The insured, who was president of a bank, accidentally lost his life on September 10th. An unsealed letter was found on his desk on the morning following his death, addressed to the assurer, enclosing cashier's check for $400 in payment of the three notes and accrued interest. This letter was deposited in the mail on the morning of the 11th and reached the defendant on the 13th. On the 14th of September the defendant received currency on the cashier's check and marked the three notes "Paid" as of that date. The assurer has received the same sum of money it would have received, if the insured had paid the premium in cash on March 19th. It has suffered no money loss by the delay. The defendant has received all the compensation for carrying the risk which it contracted for in the first instance. The contract of insurance is created between the insured and the company for the benefit of a dependent, or person for whom the insured is obligated to aid or maintain. Even though the parties are charged with constructive notice of the legal effect of their contracts and their actions in connection therewith, there are many provisions and conditions embodied in an insurance contract which in fact are not fully understood, in legal effect, by the insured. However,

the courts will enforce contracts as made between the parties, if within the law, even though they contain harsh terms. But a liberal construction will be placed on an insurance contract in favor of the purposes sought to be accomplished, and it will be strictly construed against the assurer, who proposes and prepares the contract. If the policy of insurance is capable of being construed in two ways, that interpretation should be placed upon it, which is most favorably calculated to accomplish the purposes the parties had in mind in creating the contract. Taylor v. Ins. Co. of North America, 25 Okla. 92, 105 Pac. 354; Okla. Natl. Life Ins. Co. v. Norton, 44 Okla. 783, 145 Pac. 1138; Friend v. So. States Life Ins. Co., 80 Okla. 76, 194 Pac. 204.

The rule has become generally accepted, that if the note given in payment of a premium contains a provision for forfeiture of the policy for nonpayment, default in payment at maturity will not affect the contract of insurance, unless the policy contains a like provision. The mere default in payment by the insured does not affect the validity of the contract of insurance. The provision in the note amounts only to an option in favor of the company to forfeit the insurance, if it should elect to do so. If the insurance company should elect to forfeit the policy for nonpayment of the notes, the forfeiture must be effectuated and asserted in some clear and unequivocal way. The notice of the cancellation of the policy must be conveyed to the insured in his lifetime, in clear and unmistakable terms. Where the terms of the contract and provisions of the note merely create an option in favor of the company to forfeit the policy, the law requires the company to make known to the insured the fact that it has exercised its option to cancel the policy. As a matter of right and justice between the parties, the insured is entitled to know clearly the wish and purpose of the company, in order that he may be given the opportunity to meet the requirements made by the assurer, for the benefit of his dependents. Manhattan Life Ins. Co. v. Parker (Ala.) 85 South. 298; Murphy v. Lafayette Mutual Life Ins. Co., supra; Columbia Life Ins. Co. v. Mulkey (Ga.) 79 S. E. 482; McAlister v. New England Mutual Ins. Co., 101 Mass. 558; Arnold v. Empire Mutual Annuity and Life Ins. Co., supra; Mutual Life Ins. Co. v. French, 30 Ohio St. 240, 27 A. R. 443; Life and Annuity Co. of America v. Underwood (Tex.) 150 S. W. 293; McDonald v. Equitable Life Assurance Society (Iowa) 169 N. W. 352; Franklin Life Ins. Co .v. Wallace. 93 Ind. 7; Kline v. Natl. Benefit Association, 111 Ind. 462; Ferguson v. Un-

ion Mutual Life Ins. Co., 187 Mass. 8; Brown v. Life Ins. Co. of Virginia (S. C.) 103 S. E. 555; Deal v. Deal et al., 87 S. C. 395, 69 S. E. 886; Ann. Cas. 1912-B, page 1142.

The company must not only make it known to the insured in clear and unmistakable terms that it has cancelled the policy for default in payment of the note, but must return the evidence of indebtedness to the insured, in excess of the earned premium on the policy. The assured cannot retain the notes given in payment of the premium and insist on payment, and, at the same time, declare the policy forfeited for nonpayment. Dwelling House Ins. Co. v. Hardy (Kan.) 16 Pac. 92; Shawnee Mutual Fire Ins. Co. v. Cannedy, 36 Okla. 773, 129 Pac. 865; Okla. Fire Ins. Co. v. Reddington, 57 Okla. 210, 156 Pac. 1165; Limerick v. Home Ins. Co. of N. Y., 150 Ky. 827, 150 S. W. 978; Security Life and Annuity Co. v. Underwood, supra; Williams v. Empire Mutual Annuity and Life Ins. Co., 150 Ala. 543, 43 South. 833, 124 Am. St. Rep. 83; Veal v. Security Mutual Life Ins. Co., 6 Ga. App. 721, 65 S E 714. However, the insurance company may hold that portion of the evidence of indebtedness as equals the premium already earned without waiving the forfeiture condition, provided it has communicated the notice to the insured of the cancellation of the policy. It may then proceed in the collection of the earned premium as evidenced by the note without waiving the forfeiture provision. N. Y. Life Ins. Co. v. Evans, 136 Ky. 391, 124 S. W. 376. The defendant wrote a letter to the insured on July 5th quoting the forfeiture provision of the note, to the effect that default in payment of the note ipso facto rendered the policy null and void without notice to the insured. The letter further stated that it was essential for the insured to be in good health, otherwise the policy could not be reinstated. The company enclosed a pamphlet giving various reasons why the insured should not neglect his policy. The closing paragraph of the letter was in the following language:

"We would be pleased to hear from you concerning this matter at once, stating how much you can at this time pay on the note, and if permissible under our rules we shall consider the granting to you of an extension on the balance. However, trust that it will be possible for you to remit the full amount of the note at this time."

It appears from the letter that the defendant assumed that the default in payment of the note, rendered the policy null and void, without notice to the insured. It

requires more than the default to destroy the policy. Nor can the defendant rely on its statement that it was essential for the insured to be in good health to reinstate the policy. If the insurance company intended this as notice of cancellation, it was merely an inference. Even though the letter had contained the required notice of cancellation, it was destroyed by the closing paragraph of the letter. The closing paragraph of the letter insisted on the payment of both earned and unearned portions of the premium, and constituted a waiver of any claim of forfeiture. The same conclusion applies to the letter from the company to the insured bearing date as of July 12th, as it continued to insist on the payment of that part of the note representing the unearned premium. A further letter bearing date as of August 25th, from the defendant to the insured is in the following language:

"Last month you advised us that it was not convenient at that time for you to take care of your premium note in our hand which matured June 19th, but that within a very short time you could and would adjust this matter.

"May we not receive a remittance from you within the next few days?

"We would be glad to have the matter adjusted and we sincerely trust the proceeds will reach us shortly."

This letter does not contain notice of the intention of the defendant to treat the policy as cancelled. The purpose of the letter was to hurry the payment of the note about which the parties had been corresponding. Apparently in response to the last letter from the company, and on September 9th, the insured addressed the following letter to the defendant and enclosed cashier's check for $400:

"You will find enclosed cashier's check for $400, which will pay my premium and interest on notes which you have as payment of premium on policy No. 45795. This may overpay, if it does you may send me balance."

The letter and check were received by the defendant on September 13th. On the 14th the defendant sent the check to the bank and received currency therefor, which was used in cancelling the three premium notes, representing both the earned and unearned portions of the premium. It is immaterial that the letter was forwarded and received by the defendant after the death of the insured. The action the defendant proposed in relation to the policy is judged more safely from its acts before the accrual of liability on the policy came to its notice, rather than its conduct after receiving notice of the death on Septem-

ber 16th. Limerick v. Home Ins. Co. of N. Y., supra. On September 16th, the defendant received notice of the accidental death of the insured, occurring on September 10th. The defendant offered in evidence the copy of a letter written on the 16th, addressed to the insured which was not forwarded on account of receiving notice of the death on that date. The letter purported to advise the insured that he would be required to furnish satisfactory health certificate, presumably for the reinstatement of the policy. The introduction of the letter in evidence was refused by the court. This was not error. In this case the burden was on the defendant to effectuate the forfeiture of the policy and cause notice of such action to be given the insured in his lifetime. Any uncommunicated action of the company in relation to the forfeiture of the policy, will not affect the right of the beneficiary therein, after the death of the insured.

We will not undertake to prescribe all of the acts required on the part of the assurer to effect a forfeiture. It is sufficient to say the defendant failed to exercise its right of forfeiture in this case. The question of forfeiture is, mainly, determined from the conduct of the parties in the particular case, rather than by the application of any general rule of law.

It is recommended that this cause be affirmed.

By the Court: It is so ordered.