Ethel MILLER, Individually, and as Administratrix of the Estate of Hollis James Miller, Deceased, Appellee,

v.

The NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY, a corporation, Appellant.

No. 51026.

Supreme Court of Oklahoma.

June 20, 1978.

As Corrected Nov. 3, 1978.

Rehearing Denied Nov. 8, 1978.

Wilson Wallace, Wallace, Bickford & Pasley, Ardmore, for appellee.

T. Fred Collins, Ardmore, for appellant.

DAVISON, Justice.

In this case, we are called upon to address a purely legal question, involving the interpretation of an insurance policy. The question presented is: whether a four-wheel, half-ton pickup truck, which is used exclusively for pleasure, is an "automobile" as defined in an insurance policy which provides: "The term 'automobile' shall mean a four-wheeled passenger motor vehicle exclusively of the pleasure car type, not operated by the Insured for hire."

The facts giving rise to the controversy before us are as follows: Ethel Miller, individually and in her capacity as the duly appointed and qualified acting Administratrix of the Estate of Hollis James Miller, deceased, brought an action against the National Life and Accident Insurance Company, seeking the payment of $8,000.00, allegedly due Ms. Miller as the surviving spouse of Hollis James Miller, under the terms of an insurance policy issued by that Insurance Company.

The case was tried to the trial court on a set of stipulated facts. The parties stipulated that Ms. Miller was the surviving spouse of the insured, that she was the qualified Administratrix of the deceased's estate, and that she was the beneficiary under the policy. The parties also stipulated that the insurance policy involved was in full force and effect on the date that Mr. Miller met his death, and that Mr. Miller died as a direct result of injuries sustained in a vehicular accident while he was driving a 1969 Dodge four-wheel, half-ton pickup truck, which was used exclusively for pleasure, such as fishing, camping and other types of recreation.

The Insurance Company argues that under the stipulated facts it was, as a matter of law, entitled to judgment, because a death resulting from the operation of a pickup truck was not covered under the terms of the policy. In so arguing, the Insurance Company called the trial court's attention, and our attention, to certain provisions of the insurance contract, dealing with Vehicle Accident Benefits. Those provisions state:

"The Vehicle Accident Benefit shall be payable in lieu of the Non-Vehicle Accident Benefit (1) if in the absence of this paragraph a benefit would be payable under the conditions and limitations of the preceding paragraph, (2) if the bodily injuries causing the death of the Insured are sustained at a time other than during a period of military service, and (3) *if such injuries result from his (a) driving or riding in an automobile (as defined below) operated on a public street or highway other than in racing, drag racing, or in willful violation of any traffic law or ordinance*, or (b) riding as a fare paying passenger in a public conveyance operated by a licensed common carrier for the regular transportation of passengers, or (c) riding as a passenger in an official school bus operating on an authorized trip. *The term 'automobile' shall mean a four-wheeled passenger motor vehicle exclusively of the pleasure car type, not operated by the Insured for hire.*" [Emphasis added]

The argument offered by the Insurance Company in the trial court, and on appeal, is that the pickup truck driven by the deceased does not come within the definition of "automobile" as defined in the policy, as a pickup truck is not a *motor vehicle exclusively of the pleasure car type*. Accordingly, the Insurance Company argues, no benefits were due under the policy.

The trial court, in rendering a judgment in favor of Ms. Miller, held that the definition of "automobile" under the policy was ambiguous. Construing the ambiguity against the Insurance Company, the trial court found that the definition in the insurance policy could fairly be read to include a pickup truck. It is from this decision of the trial court that the appellant Insurance Company has perfected its appeal.

In making its finding of facts, the trial court found that a four-wheel pickup truck of the type owned by the Millers is a common passenger motor vehicle of the pleasure car type in Oklahoma and in the area of the residence of the Millers. And that such vehicles are owned by many persons as a family car and used exclusively by such persons for pleasure purposes.

In reviewing the trial court's action, we will first determine whether the provisions of the insurance policy defining "automobile", were ambiguous. After examining the policy and those provisions, we conclude, as the trial court did, that the provisions of the policy defining "automobile" are ambiguous and subject to varied interpretations. We find such to be the case for the following reasons.

First, the concept of a pleasure type passenger vehicle is not a static one. Rather, it is a fluid concept which changes as the use, marketing, and design of a particular type vehicle changes.

Secondly, whether a particular type vehicle is thought of as a pleasure vehicle is dependent to a large extent upon the use to which a vehicle is put. For example, ten years ago, the notion that a van was a pleasure vehicle may not have been widely accepted. Yet today, hundreds of thousands of vans are used as pleasure vehicles.

Thirdly, we agree with the trial court's holding that it is not uncommon in this State for pickup trucks to be used as pleasure vehicles, for camping, fishing, hunting and other recreational pursuits. Nor is it uncommon for a pickup truck to function as the family passenger car. In fact, the Supreme Court of Tennessee took judicial notice of such facts in *Aetna Life Ins. Co. of Hartford, Conn. v. Bidwell*, 192 Tenn. 627, 241 S.W.2d 595 (1951).

Fourth, considering the above factors, we believe that reasonable persons of ordinary intelligence and experience, upon reading the definition of "automobile" in the insurance policy, could differ as to whether a pickup truck would be included in the definition.

For the above stated reasons, we hold that the definition of "automobile" in the insurance policy before us was ambiguous and that reasonable persons can differ as to whether a pickup truck would be included within the definition. This being the case, we must, as a matter of construction, construe the ambiguity in favor of the insured. See e. g., *Combined Mut. Cas. Co. v. Metheny*, 203 Okl. 522, 223 P.2d 533 (1950), in which we stated:

> "We have repeatedly held that when ambiguity exists in the meaning of an insurance contract the doubt is to be resolved against the company. *New York Life Ins. Co. v. Sullivan*, 191 Okl. 236, 129 P.2d 71; *New York Life Ins. Co. v. Morgan*, 187 Okl. 214, 101 P.2d 826; *Banker's Reserve Life Co. v. Rice*, 99 Okl. 184, 226 P. 324. In the last cited case we said: 'Contracts of insurance will be liberally construed in favor of the object to be accomplished, and conditions and provisions of every contract of insurance will be construed against the assurer who proposes and prepares the policy. *If a policy of insurance and provisions in connection therewith are capable of being construed in two ways, that interpretation should be placed upon them which is most favorable to the insured.'*" [Emphasis added]

Also see e. g., *Community National Life Insurance Co. v. Graham*, Okl., 418 P.2d 670 (1966) in which we made a like holding.

 Construing the ambiguity in the policy before us in the light most favorable to the insured, we hold that the insured's pickup truck came within the definition of "automobile", in the policy, and that therefore, the death of the insured, which arose out of his operation of that truck, was a death covered under the Vehicle Accident Benefit.

For the above stated reasons, we affirm the action of the trial court.

AFFIRMED.

HODGES, C. J., and WILLIAMS, IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.

LAVENDER, V. C. J., dissents.