SHAWNEE MUT. FIRE INS. CO. v. CANNEDY.

No. 2249.    Opinion Filed December 7, 1912.

Rehearing Denied January 28, 1913.

(129 Pac. 865.)

**INSURANCE—Notes for Premiums—Validity.** Notes given for the premium on a policy of fire insurance provided that, if they were not paid at maturity, "the whole amount of the premium should be considered earned, and all notes given in settlement of said policy be due, and the policy be null and void, and so remain until the same shall be fully paid and the policy be reinstated by the company." The notes were not paid at maturity, but the company retained them and continued to try to collect them, brought suit upon one of them, obtained judgment, and had the judgment docketed in the district court. **Held:** (1) That the provision that, if the notes were not paid at maturity, the whole amount should be considered earned, is a mere penalty which cannot be enforced. (2) That the provision that, if the notes were not paid at maturity, the policy should be null and void, is a valid provision, but the company may waive it. (3) That the company, by retaining the notes and endeavoring to collect them in full, waived the provision that the policy should be void if the notes were not paid at maturity.

(Syllabus by Rosser, C.)

*Error from District Court, Love County;*
*S. H. Russell, Judge.*

Action by Georgia A. Cannedy against the Shawnee Mutual Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Stanard, Wahl & Ennis,* for plaintiff in error.

*A. Eddleman* and *J. C. Graham,* for defendant in error.

Opinion by ROSSER, C. This was an action by Georgia A. Cannedy against the Shawnee Mutual Fire Insurance Com-

pany on a policy of fire insurance issued by the company to recover for a building destroyed by fire.

The plaintiff gave two notes for the premium on the policy. They were dated April 22, 1908. One was for the sum of $10, due May 1, 1908. The other was for $22, and was due October 1, 1908. Each note contained the following provision:

"If this note is not paid at maturity, the whole amount of the premium shall be considered earned, and all notes given in settlement of said policy be due, and the policy be null and void, and so remain until the same shall be fully paid, and the policy be reinstated by the company."

This case was tried upon an agreed statement of facts. The substance of the material portion of the agreed statement is as follows: The plaintiff did not pay, or cause to be paid, either of the premium notes at the time they became due and payable, and there was no extension of time for the payment of same. On the 22d day of April, 1909, the dwelling house covered by the policy was totally destroyed by fire, and the plaintiff furnished proof of loss as required by the policy, but the company denied liability for the reason that the plaintiff had not paid the premium notes, as provided therein, and that, therefore, the policy was forfeited. On the 14th of December, 1908, prior to the time the house was destroyed by fire, the defendant filed suit against plaintiff on the premium note for $10, and on the 26th day of December recovered judgment by default, and on the 12th day of March, 1909, an abstract of that judgment was filed in the office of the clerk of the district court of Love county. On the 1st day of January, 1910, after the fire, the plaintiff paid the judgment to the justice of the peace, and took his receipt. The justice forwarded his check for the amount of the judgment to the defendant at Shawnee, but the company refused the check and returned it. On the 2d day of March, 1909, the defendant placed the $22 note in the hands of its attorneys at Marietta for collection, but they failed to collect it, and it was returned to the company on the 15th of March, 1909. On the 1st day of January, 1910, the plaintiff caused the Jordan Company, of Marietta, to send their check to plaintiff at its home office in Shawnee for the

amount of the $22 note, with interest. The company refused to receive the check, and gave as its reason for refusing the amount of the judgment and also the amount of the $22 note that this suit had been brought in the district court at that time, and to accept the money due upon the note and judgment might complicate the case.

The question is whether by retaining the premium notes and endeavoring to collect them in full the company waived the forfeiture. It has been held that a condition such as contained in the notes given for premium in this case did not render the policy void until the company had by affirmative action declared the policy forfeited. *Mutual Life Ins. Co. v. French,* 30 Ohio St. 241, 27 Am. Rep. 443.

It has also been held that such a provision, as the one before the court in this case, in a premium note, but not in the policy, is nugatory. *Dwelling-House Ins. Co. v. Hardie,* 37 Kan. 674, 16 Pac. 92. It has also been held, where the stipulation for forfeiture is contained in the note, that equity will relieve against it, for the reason that its object is merely to secure prompt payment of the note, and, as the breach of the agreement to pay promptly can be compensated, equity will relieve against the forfeiture. *St. Louis Mutual Ins. Co. v. Grigsby,* 10 Bush (Ky.) 310; *Montgomery v. Phoenix Ins. Co.,* 14 Bush (Ky.) 51; *N. W. Mutual Life Ins. Co. v. Fort,* 82 Ky. 269; *Mutual L. Ins. Co. v. Jarboe,* 102 Ky. 80, 42 S. W. 1097, 39 L. R. A. 504, 80 Am. St. Rep. 343; *Manhattan Life Ins. Co. v. Patterson,* 109 Ky. 624, 60 S. W. 383, 53 L. R. A. 378, 95 Am. St. Rep. 393.

It has also been held that the provisions for forfeiture, being for the benefit of the insurer, may be waived by it. *Bouton v. Am. Mut. Life Ins. Co.,* 25 Conn. 542; *Goit v. National Protection Ins. Co.,* 25 Barb. (N. Y.) 189. In *Buckbee v. U. S., etc., Co.,* 18 Barb. (N. Y.) 541, the policy contained a provision that, in case the quarterly premiums should not be paid on the days specified, the policy should be void, but that in such case it might be renewed at any time on the production of satisfactory evidence as to the health of the insured and the payment of back premiums. The premium due on the 10th of December was not

paid until the 16th, when it was received by the insurer without objection, and entered to the credit of the insured, and a receipt given for it. No evidence was produced in respect to the health of the insured, and none was required. It appeared that it had not been the practice of the insurer to exact prompt payments of the premiums when due, and that they had been accepted a few days overdue without objection. The insurer was held to have waived a strict compliance with the conditions as to the literal punctuality of payments, that the policy did not lapse, hence required no renewal, and that the policy was in the same condition it would have been had the premium been paid on the precise day when it fell due. The first premium in this case was due on the 1st day of May, 1908, and eight days after the note was signed. If it had been paid on the 15th day of May, would any one have contended that the policy had become void, and that it would require action by the company to have it reinstated in order to restore its validity? Suppose the premium due the 1st of May had been paid the 15th of that month, and accepted by the company, and the second note which was due the 1st of October had been paid the 15th of October, would the defendant be heard to say that the policy was forfeited, and that it remained so until reinstated by the company? If receiving the premium a few days after it was due would have waived the conditions of the note with reference to forfeiture, then the action of the company in attempting to collect and in taking judgment and having it filed so as to give a lien upon real property was likewise a waiver. The company takes an inconsistent position in the case. It was seeking to enforce the collection of the notes until the loss. As soon as the loss occurred, it refused to receive the premiums, although it had a judgment for the amount of one of the notes, taken after the time when, according to its contention, the policy was forfeited. This indicates that it did not have entire faith in its position that the policy was forfeited and the entire premium earned when the first note was not paid at maturity. It is believed to be the correct rule that a provision in a policy or a note given for a premium that a failure to pay the note at maturity will forfeit the policy is valid, but that this provision can

be waived; that a provision that, if the note is not paid at maturity, the whole premium shall be considered earned, is a mere penalty, not capable of enforcement (Comp. Laws 1909, secs. 1125, 1126), and that the insurer can only recover the premium at the short rate for the time the policy was in force. To permit the company, when the note was not paid at maturity, to forfeit the contract, and also collect the entire consideration, would be to double the penalty, and allow it to keep something for nothing. It may be argued that the plaintiff having agreed to pay the premium is bound to do so, and that the company for the security of its business and the protection of other policy holders had the right to forfeit the policy. The latter proposition is correct. It had the right to forfeit, but, when it did so, it had no right to collect the entire premium. All it could possibly be entitled to would be the profit on a policy of this size and class. This could be and probably is taken care of by the short rate on canceled policies. If a man should agree to sell twenty horses for $2,000, taking notes for the price, and should only deliver one of them and agree to deliver the others later, and the contract should also provide that, if the notes were not paid at maturity, the other horses should not be delivered, and the notes should be considered as the purchase price of the one delivered, and should be collectible, equity would relieve against such a provision. There is no difference in the principle. *Limerick v. Home Ins. Co.*, 150 Ky. 827, 150 S. W. 798. In this case the first note was nearly one year overdue, and, if defendant's contention is correct, the policy was void during all that time, yet it was endeavoring to collect the full premium. It is in the same attitude as if it had actually collected it. It claimed the whole amount, and, if plaintiff owed the whole amount, she owed it as a consideration for the policy for five years. By retaining the notes and attempting to collect the full premium for the entire term, the company waived the forfeiture, and is liable for the amount of the policy.

The judgment of the lower court should be affirmed.

By the Court: It is so ordered.