### ROSE v. CITIZENS' INS. CO. OF MISSOURI. (4 Div. 84.)

(Supreme Court of Alabama. June 28, 1923.)

Insurance ⟨key⟩187(1)—Agreement relieving insurer from liability while premiums unpaid held binding.

A contract of insurance, providing that insurer should not be liable for any loss or damage occurring to the property while any installment or installment note, given for the premiums, remained past due and unpaid, authorizing insurer to collect any past-due note, and providing that a receipt for such past-due payments must be received by assured before the policy could be revived, *held* binding and to constitute no defense to an action on such a premium note, on the ground that the action would be, in effect, an effort to enforce a forfeiture to which the court would not lend its aid.

Appeal from Circuit Court, Pike County; Arthur B. Foster, Judge.

Action on promissory note by the Citizens' Insurance Company of Missouri against J. B. Rose. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

R. S. Parks, of Troy, for appellant.

The provision in the note that the unearned premium shall be considered as earned is a penalty that cannot be enforced. Shawnee Mut. F. Ins. Co. v. Cannedy, 36 Okl. 733, 129 Pac. 865, 44 L. R. A. (N. S.) 376; Hooper v. S. & M. R. Co., 69 Ala. 529. The insurer cannot enforce an installment note payable in advance to a policy which is to be wholly void during default. American Ins. Co. v. Stoy, 41 Mich. 385, 1 N. W. 877; Yost v. Am. Ins. Co., 39 Mich. 531; Matthews v. Am. Ins. Co., 40 Ohio St. 135.

Steiner, Crum & Weil, of Montgomery, and C. C. Brannen, of Troy, for appellee.

As soon as the risk attached, appellee became immediately liable for loss at any time thereafter, and its right to maintain an action on the note was in no sense dependent upon its performance of the conditions of the policy or its remaining effective for the full term. 2 Williston on Contr. § 757; 1 Williston, § 112; 5 Elliott on Contr. § 4140; Elder v. Fed. Ins. Co., 213 Mass. 389, 100 N. E. 655; 3 Joyce on Ins. (2d Ed.) § 1397; St. Paul F. & M. Ins. Co. v. Coleman, 6 Dak. 458, 43 N. W. 693, 6 L. R. A. 87; Con. Ins. Co. v. Phipps (Mo. App.) 190 S. W. 994; Wall v. Home Ins. Co., 36 N. Y. 157; Williams v. Albany Ins. Co., 19 Mich. 451, 2 Am. Rep. 95.

SAYRE, J. This was an action on a promissory note given to secure the payment of the premium for a policy of fire and tornado insurance. The insurance was for a period of five years and the premium was payable in five installments yearly in advance. Appellant failed to pay the second installment, whereupon appellee sued for the entire unpaid premium. Appellant's third plea set out the following stipulation of the contract of insurance:

"It is understood and expressly agreed that this company [appellee] shall not be liable for any loss or damage that may occur to the property herein mentioned while any installment or the installment note, given for the premium upon this policy, remains past due and unpaid; or while any single payment, promissory note, given for the whole or any portion of the premium remains past ,due and unpaid. * * * The Company may collect, by suit or otherwise, any past-due note or installments thereof and a receipt from the said Atlanta office of the company for the payment of past-due notes or installments must be received by the assured before there can be a revival of the policy, such revival to begin from the time of said payment, and in no case to carry the insurance beyond the end of the original term of this policy,"

and alleged nonpayment of all installments falling due since the first. Appellee's demurrer to this plea was sustained, and that ruling is assigned for error.

The substance of the argument for the plea is that the suit amounts to an effort to en-

force a forfeiture to which the court will not lend its aid. The binding force of the stipulation, into which the parties have entered freely, is maintained by the courts elsewhere with practical unanimity. 26 C. J. § 120, p. 115; 2 Cooley's Briefs, p. 1873, where the cases are collected. We see no convincing reason why this court should hold otherwise.

In the Oklahoma case, Shawnee Mutual Fire Ins. Co. v. Cannedy, 36 Okl. 733, 129 Pac. 865, 44 L. R. A. (N. S.) 376, cited by appellant, the property insured was destroyed by fire in the interval of suspense following upon the failure of the insured to pay an installment, and suit was brought upon the policy. The defense was founded upon a clause suspending the policy during an interval of nonpayment similar to the stipulation in the present policy. It was ruled that the insurance company, by retaining the premium note and bringing suit to collect it, waived the provision that the policy should be void if the note was not paid at maturity; the theory being, we assume, that if the insured was bound for the payment of the premium, and was so treated by the company, it followed that the company was bound upon the policy, for that, and that alone, constituted the consideration for the promise and obligation of the insured to pay the premium. Limerick v. Home Ins. Co., 150 Ky. 827, 150 S. W. 978, 44 L. R. A. (N. S.) 371. We will not be understood as holding to the opinion that appellee, by retaining the note and bringing this suit to collect all unpaid premiums, has not waived the stipulation for a suspension of liability, while the note or any installment thereof remains due and unpaid, and thereby rendered itself answerable for any loss that may occur during the term of the policy as written. No occasion for a decision of that question has yet arisen in this jurisdiction.

Affirmed.

ANDERSON C. J., and GARDNER and MILLER, JJ., concur.