### LETT v. LIVERPOOL & LONDON & GLOBE INS. CO. (2 Div. 864.)

(Supreme Court of Alabama. June 30, 1925. Rehearing Withdrawn Oct. 8, 1925.)

1. Insurance ⬡⟶640(2)—Plea of default in payment of installment on note for premium held good.

In action on fire policy, defendant's special plea of default in payment of installment on note for premiums at time of fire held good on demurrer.

2. Insurance ⬡⟶310(2)—Agreement as to suspension of policy during default in payment of installment on note involved no question of forfeiture.

Where, on giving installment note for premiums, it was agreed that policy would be suspended during default in payment of installments, such default automatically worked suspension of policy during period thereof, unless insurer by some duly authorized agent extended time for payment, and no question of forfeiture was involved.

3. Insurance ⬡⟶375(2)—Soliciting agent cannot waive breach of condition by default in payment of note for premiums.

Soliciting agent may waive condition when policy is delivered, but cannot afterwards waive breach of condition, as by nonpayment of installment on note for premium when due, so as to keep policy in force during default.

4. Insurance ⬡⟶388(2)—Soliciting agent held not to have promised or assured insured that policy would be kept in force pending arrangement for payment of past-due premium.

Soliciting agent's statement to insured held merely an invitation to come to agent's office and arrange with him to pay past-due premium, and carry on policy, not a promise or assurance that policy was in force or would be kept in force pending execution of such arrangement.

5. Insurance ⬡⟶392(7)—Delinquency in payment of premium not waived as defense to loss occurring during period thereof by demanding or accepting premiums, where policy provides for suspension during delinquency.

When policy stipulates for suspension during delinquency in payment of premium, but provides that holder shall be liable for delinquent assessment, or that entire note for premiums shall be deemed earned on default, insurer does not waive delinquency as defense to loss occurring during period thereof by demanding or accepting premiums, but invitation or request to pay premium can operate only as invitation or request for reinstatement of policy from date of payment.

Appeal from Circuit Court, Dallas County: S. F. Hobbs, Judge.

Action by W. L. Lett against the Liverpool & London & Globe Insurance Company. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under section 7326, Code of 1923. Affirmed.

The plaintiff sued the defendant on a fire insurance policy for loss suffered by fire. The complaint is in statutory form. The defendant pleaded the general issue and two special pleas, of which plea 3 is as follows:

"(3) That the premium or consideration stipulated or agreed to be paid by the plaintiff to the defendant for the issuance of said policy, was not paid in cash, but, in lieu thereof, the plaintiff executed to the defendant his promis-

sory note in the sum of, to wit, $260.32, payable in installments as follows: $65.08 upon each the 1st day of March, 1922, 1923, 1924, and 1925 respectively, and therein expressly stipulated and agreed as follows: That 'payment of notes or installments for premium.—It is understood and expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any installment of the installment note, given for premium upon this policy, remains past due and unpaid; or while any single payment, promissory note (acknowledged as cash or otherwise), given for the whole or any portion of the premium, remains past due and unpaid. Payments of notes and installments thereof must be made to the said the Liverpool & London & Globe Insurance Co., Ltd., at its Southern Farm Department, in New Orleans, Louisiana, or to a person or persons specially authorized to collect the same for said company. And it is understood and expressly agreed that the failure of the assured to receive notice of the approaching maturity of the premium note or notes, or any installment thereof, shall not operate to render the company liable for any loss or damage while such note or notes, or installments thereof- remain overdue and unpaid. The company may collect, by suit or otherwise, any past-due notes or installments thereof, and a receipt from the said New Orleans office of the company for the payment of past-due notes or installments must be received by the assured before there can be a revival of the policy, such revival to begin from the time of said payment, and in no case to carry the insurance beyond the end of the original term of this policy. It is understood and agreed that in the settlement of any loss under this policy this company may deduct therefrom any unmatured note or installments thereof given in payment of the premium hereunder.'

"And defendant avers that the installment provided for in said note maturing March 1, 1922, was not paid by the plaintiff, or any one for him, and the said fire occurred while plaintiff was so in default; wherefore defendant says that plaintiff is not entitled to recover in said cause."

Demurrers to these pleas being overruled, plaintiff filed 21 special replications setting up various alleged waivers of "the forfeiture," to which demurrers were sustained.

Plaintiff introduced the policy in evidence, and testified as follows:

"The note for the first year's premium was paid. That was a personal agreement between me and Mr. Helmer. My note for $65.08 has been paid. I did not pay that in advance, but gave my own note for it. I did not pay the second premium due in March, 1922. I saw E. E. Helmer in regard to that premium. I saw Mr. Helmer one week after the payment was due. I saw him on the street in Selma. Mr. Helmer hailed me first. He said, 'Lett, when are you coming in to straighten up your insurance policy, it's about to lapse on you.' He said, 'You come in and see me, and we will arrange to carry it.' I said, 'All right.' So in a very few days I went to Mr. Helmer's office. That time when he spoke about the lapsing of the policy, he told me he hated to see it lapse, and I said, 'I am too poor a man to let it run out. I have had a whole lot of sickness

and everything, and I have been unable to take care of it.' He says, 'I will arrange to take care of it for you, you come into my office.' So in a few days, about two days after that, I came in. My baby was sick at the hospital at the time, and I came in to see Mr. Helmer, and he was out, and his lady stenographer says she did not know where he could be found."

Continuing with reference to what Helmer told him in the conversation mentioned, plaintiff testified:

"That if I would arrange to come in and see him that we would arrange to pay the premium, and my policy would be continued. That is all that I remember being said. We were both in a hurry. I was on the street, and happened up on him. He did tell me that he had sent me a couple of notices that had been sent out by the New Orleans office that this premium was due. That was after the premium was due that we had this conversation. I saw Mr. Helmer again on Water street right opposite the Water street entrance to Tissier Hardware Store, at least, I was cranking up my Ford fixing to leave, and he and some stranger hailed me, and asked me, 'Lett, when are you coming back to see me to fix up your insurance?' I said, 'Just as soon as I can get back.' He waived his hand, and said, "All right.' I got in the car and went on. That was on Thursday. Saturday morning my house burned. All my personal property in there was destroyed."

Defendant demurred to plaintiff's evidence, and the court sustained the demurrer and rendered judgment for defendant, from which plaintiff appeals.

M. E. Frolich, of Selma, for appellant.

The demand for payment after the premium was past due, and after the time provided for the forfeiture of the policy, operates as a waiver of the forfeiture. Galliher v. State, etc. Ins. Co., 150 Ala. 543, 43 So. 833; U. S. Ins. Co. v. Lesser, 126 Ala. 568, 28 So. 646. The question of waiver of forfeiture was for the jury, and it was error to sustain demurrer to the evidence. Curtis v. Daughdrill, 71 Ala. 590; W. O. W. v. Gay, 207 Ala. 610, 93 So. 559; Bates' Adm'r v. Bates, 33 Ala. 102; Dearing v. Smith, 4 Ala. 432; National Union v. O'Rear, 16 Ala. App. 593, 80 So. 167; Security Mutual v. Riley, 157 Ala. 553, 47 So. 735; Queen Ins. Co. v. Young, 86 Ala. 424, 5 So. 116, 11 Am. St. Rep. 51.

Steiner, Crum & Weil, of Montgomery, and Pettus, Fuller & Lapsley, of Selma, for appellee.

While the premium note was past due, the policy was suspended. Crafton v. Home Ins. Co., 199 Ky. 517, 251 S. W. 992; Duncan v. U. S. Mutual, 113 Tex. 305, 254 S. W. 1101.

SOMERVILLE, J. [1] The special pleas of defendant set up a good defense, and the demurrers thereto were properly overruled.

[2] There is no question here as to a forfeiture of the policy. The provision relied

upon by defendant (and which appears in the policy) automatically worked a suspension of the policy during any period of default in the payment of a premium note, unless the company, by some duly authorized agent, extended the period of payment.

[3] There was no evidence that Helmer, defendant's local agent at Selma, who sold plaintiff his policy, had any authority to waive the payment of the premium due on March 1, 1922, and keep the policy in force during plaintiff's default. A soliciting agent may waive a condition at the time the policy is delivered (Ætna Fire Ins. Co. v. Kennedy, 161 Ala. 600, 50 So. 73, 135 Am. St. Rep. 160, but he cannot waive the breach of a condition afterwards. Prine v. Am. Cent. Ins. Co., 171 Ala. 343, 54 So. 547; So. States Fire Ins. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63.

[4] Moreover, nothing that was said by the agent, Helmer, can possibly be construed as a waiver of the default admitted by plaintiff, for what he said was merely an invitation to plaintiff to come to his office and arrange with him to pay the premium and carry on the policy. This was in no sense a promise or assurance that the policy was in force, or would be kept in force, pending the execution of such an arrangement.

[5] Under such a policy as this neither an invitation by the company to pay the premium, nor a request for its payment, can operate otherwise than as an invitation or request for reinstatement of the policy to make it operative, according to its terms, from the date of the payment. The rule is that—

"When the policy contains a stipulation that it shall stand suspended during delinquency, but that the holder shall be liable for such delinquent assessment, or that the entire premium note shall be deemed earned upon default, the insurer does not waive 'the delinquency as a defense to any loss occurring during such periods, by demanding or accepting premiums." 26 Corp. Jur. 328, § 410, and cases cited in note 70.

The evidence affirmatively showed that defendant was not liable for the loss under the terms of the policy, and the demurrer to the evidence was properly sustained.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.