(110 So. 30)

## HARTFORD FIRE INS. CO. v. JONES.
### (4 Div. 288.)

(Supreme Court of Alabama.    Oct. 28, 1926.)

1. **Insurance** ⊕349(1).

Provision of fire policy, relieving insurer from liability while any premium is past due and unpaid, is binding and valid.

2. **Insurance** ⊕392(7)—Attempt by insurer to collect past-due premiums subsequent to loss occurring during suspension of fire policy for nonpayment of premiums does not waive forfeiture or reinstate policy as of time of loss.

Where fire policy suspended liability of insurer during nonpayment of past-due premium, and permitted insurer to sue for premiums due, attempt by insurer to collect premiums subsequent to loss occurring during suspension does not waive forfeiture or reinstate policy as of time of loss.

3. **Appeal and error** ⊕1175(6).

In case tried on agreed statement of facts, which did not entitle plaintiff to recover, Supreme Court will render judgment for defendant.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Action by W. B. Jones against the Hartford Fire Insurance Company on a policy of fire insurance.    From a judgment for plaintiff, defendant appeals.    Transferred from

Court of Appeals under Code 1923, § 7326. Reversed and rendered.

By pleas 3 and 4 defendant sets up the following provisions of the policy sued on:

"It is understood and expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any installment of the installment note given for premium upon this policy remains past due and unpaid; or while any single payment, promissory note (acknowledged as cash or otherwise) given for the whole or any portion of the premium, remains past due and unpaid. Payments of notes and installments thereof must be made to the said Hartford Fire Insurance Company at its Southern Farm Department office in Atlanta, Georgia, or to a person or persons specially authorized to collect the same for said company. And it is understood and expressly agreed that the failure of the assured to receive notice of the approaching maturity of the premium note or notes, or any installment thereof, shall not operate to render the company liable for any loss or damage while such note or notes, or installments thereof, remain overdue and unpaid. The company may collect, by suit or otherwise, any past due notes or installments thereof, and a receipt from the said Atlanta office of the company for the payment of the past due notes or installments must be received by the assured before there can be a revival of the policy, such revival to begin from the time of said payment, and in no case to carry the insurance beyond the end of the original term of this policy."

It is averred that the policy was issued for a term of five years from August 10, 1920, to August 10, 1925, in consideration of $38.94 in cash and payment of installments when due on an installment note for the balance; said installments being payable annually, and said note containing this provision:

"And it is hereby agreed that in case any one of the installments herein named shall not be paid at maturity, or if any single payment, promissory note (acknowledged as cash or otherwise) given for the whole, or any portion of the premium for said policy, shall not be paid promptly when due, this company shall not be liable for loss during such default, and the said policy shall lapse until payment is made to this company at the Southern Farm Department at Atlanta, Georgia, and the whole amount of installments or notes remaining unpaid on said policy may be declared earned, due and payable, and may be collected by law. In settlement of any loss under above policy, this company may deduct therefrom the entire amount of unmatured installments of this note. This note is given in payment for above policy of insurance."

It is further averred that the first two installments due upon said note were not paid when due, nor at any time before the alleged fire. Plaintiff's replication sets up the fact that defendant brought suit to recover said unpaid installments, and recovered judgment against plaintiff therefor, and thereby waived the provisions set up in pleas.

Wilkerson & Brannen, of Troy, and Steiner, Crum & Weil, of Montgomery, for appellant.

The provision of the policy is valid. Rose v. Citizens' Ins. Co. of Missouri, 210 Ala. 72, 97 So. 81; Continental Ins. Co. v. Phipps (Mo. App.) 190 S. W. 994. There was no waiver of said provision. Lett v. Liverpool & London & Globe Ins. Co., 213 Ala. 488, 105 So. 553; 2 Williston on Contr. § 757; 5 Elliott, § 4140; Elder v. Fed. Ins. Co., 213 Mass. 389, 100 N. E. 655; 4 Cooley's Briefs, 2723; Johnston v. Phelps County Farmers' Mut. Ins. Co., 63 Neb. 21, 88 N. W. 142, 56 L. R. A. 127; Beeman v. Farmers' Pioneer Mut. Ins. Ass'n, 104 Iowa, 83, 73 N. W. 597, 65 Am. St. Rep. 424; Brockway v. Insurance Co., 215 Mich. 547, 184 N. W. 399; Farmers' Mut. Ins. Co. v. Kinney, 64 Neb. 808, 90 N. W. 926; Phelps County Farmers' Mut. Ins. Co. v. Johnston, 66 Neb. 590, 92 N. W. 576.

Ballard & Brassell, of Troy, for appellee.

By attempting to collect the note, defendant waived the provision of the policy set up in its pleas. Rose v. Citizens' Ins. Co. of Missouri, 210 Ala. 72, 97 So. 81; Shawnee Mutual Fire Ins. Co. v. Cannedy, 36 Okl. 733, 129 P. 865, 44 L. R. A. (N. S.) 376.

ANDERSON, C. J. [1, 2] It has been held by this and many other courts that the provisions of a fire insurance policy as set out in the defendant's special pleas 3 and 4 are binding and valid on the insured. Rose v. Citizens' Insurance Co., 210 Ala. 72, 97 So. 81. Indeed, this question is not seriously doubted in brief of appellee's counsel, who contend, however, that, notwithstanding the provision that all of the installment notes should become due upon default of any one of them, and the assured would have a right to sue and recover upon all of them, that the bringing of a suit and recovery of a judgment upon same operated as a waiver of the forfeiture or to reinstate the policy retrospectively, and which said point is invoked by special replication to defendant's pleas 3 and 4.

The court is unequivocally committed to the soundness of the following quotation from 26 C. J. 328, § 410:

"When the policy contains a stipulation that it shall stand suspended during delinquency, but that the holder shall be liable for such delinquent assessment, or that the entire premium note shall be deemed earned upon default, the insurer does not waive the delinquency as a defense to any loss occurring during such periods by demanding or accepting premiums." Lett v. Liverpool & London & Globe Co., 213 Ala. 488, 105 So. 553.

As the loss occurred during the forfeiture or suspension of the policy, the subsequent attempt by the insurer to collect the premi-

ums by suit or otherwise did not operate to reinstate the policy as of the time of the loss.

Appellee's counsel seek comfort from a reference in the opinion in the case of Rose v. Citizens' Insurance Co., 210 Ala. 72, 97 So. 81, to the Oklahoma case of Shawnee Co. v. Cannedy, 36 Okl. 733, 129 P. 865, 44 L. R. A. (N. S.) 376, but the opinion did not approve or repudiate the holding in said Oklahoma case, as to have done so was not essential to the decision of the question involved. Moreover, the principle declared in said Oklahoma case was contrary to the statement and holding in our recent case of Lett v. Liverpool & London & Globe Co., 213 Ala. 488, 105 So. 553.

The trial court erred in not sustaining the defendant's demurrer to plaintiff's special replication to pleas 3 and 4.

[3] As this case was tried upon an agreed statement of facts and which do not entitle the plaintiff to recover, the judgment of the circuit court is reversed, and one is here rendered in favor of the defendant.

Reversed and rendered.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.