140 So. 628

### FIRST NAT. LIFE INS. CO. OF AMERICA v. GROSS.

### 6 Div. 17.

Court of Appeals of Alabama.

March 22, 1932.

Walters & Walters, of Troy, and W. Emmett Perry, of Birmingham, for appellant.

F. D. McArthur, of Birmingham, for appellee.

RICE, J.

This was a suit by appellee against appellant on a policy of life insurance, insuring the life of one Tom Gross.

The complaint, in one count, in Code form, alleged that the said policy was issued on to wit November 22, 1929, and that Tom Gross died on January 25, 1930.

There were verdict and judgment in favor of appellee, in the court below. And the appeal is on the record proper, without bill of exceptions.

Appellant filed two special pleas, setting up, in substance, that, on the date of the death of the insured, said policy had lapsed for nonpayment of the monthly premium due on January 23, 1930.

To these pleas appellee filed a special replication, stating, in effect, that appellant's agent, who solicited the insurance, took the application therefor, delivered the policy, and collected all the premiums which had been paid (and there were two of such), did all these things at the home of plaintiff, in an inaccessible locality; and that said agent informed plaintiff, at a time when he was at her home some time prior to the falling due of the premium payable on January 23, 1930, that he would call for same on January 25, 1930; that appellee was ready and willing to pay the said premium which was due as stated, but that appellant's said agent never did call for same; that by reason of these things appellant waived the default in the payment due on said January 23, 1930.

Overruling appellant's demurrers to the above special replication is the first assignment of error which we may, exercising as much charity as is permissible, treat as being argued and insisted upon in accordance with the rules obtaining.

It seems to be the law that "an agent who is authorized only to solicit and take applications for insurance, receive the premiums,

and deliver the policy after it has been signed by the proper officers has no authority, express or implied, to waive a breach of any condition of the policy after it has been delivered." London & Lancashire Ins. Co., Ltd., v. McWilliams, 215 Ala. 481, 110 So. 909, 910. And that, while "a soliciting agent may waive a condition at the time the policy is delivered * * * he cannot waive the breach of a condition afterwards." Lett v. Liverpool & London & Globe Ins. Co., 213 Ala. 488, 105 So. 553, 554.

But, so far as we can see, it is also the law that, "where the agent of an insurance company was intrusted with the collection of the renewal receipts for premiums, the implied authority resulting from the duty to make such collections was sufficient to authorize him to extend the time of payment of premiums." United States Life Ins. Co. v. Lesser, 126 Ala. 568, 28 So. 646.

Appellee's said replication here was, it seems to us, broad enough in its language to admit testimony that might have shown that appellant's said agent, intrusted with the duty of selling, and collecting the premiums for, said insurance, did either by express words, manners, or acts, represent to plaintiff, and lead plaintiff to believe, before and at the time of the delivery of said policy, that the said monthly premiums were to become due and payable on the 23d day of each month, and at the time he called for them, and that appellant acquiesced in, or approved, or ratified, such statements or conduct. Nothing is made to appear showing that said premiums were to be paid to any other person, or at any other place. This being true, we hold that said replication was not subject to the demurrers interposed. United States Life Ins. Co. v. Lesser, supra.

Appellant's rejoinder to the above said replication, in view of what we have said, was, manifestly, no sufficient answer to same. Demurrers were properly sustained thereto.

We find no prejudicial error, and the judgment is affirmed.

Affirmed.