## VOLK et al. v. HARTFORD FIRE INS. CO.

### No. 5789.

Court of Appeal of Louisiana.
Second Circuit.

Dec. 9, 1938.

Rehearing Denied Jan. 10, 1939.

Madison, Madison & Files, of Bastrop, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

DREW, Judge.

This is a suit on a fire insurance policy designated as "Farm Policy No. C. I. 3284". For a cause of action plaintiff alleged as follows:

"That Hartford Fire Insurance Company, a foreign insurance corporation, is justly, truly and legally indebted unto your petitioners in the full sum and amount of $300.00, together with 12% of said amount as statutory penalties, and 5% per annum interest thereon from judicial demand until paid, together with $150.00 attorney's fees, for this to-wit:

"That on the 12th day of December, 1933, Hartford Fire Insurance Company issued to your petitioners Farm Policy No. C. I. 3284, insuring a one-story, metal roof, frame dwelling house, situated on 40 acres of land about four miles east of Bastrop, Morehouse Parish, Louisiana, together with $155.00 additional insurance on a barn, seed, harness, saddles, hay, straw, fodder, etc.

"That on or about January 11, 1938, the one-story, metal roof, frame dwelling covered by Policy No. C. I. 3284, of said Hartford Fire Insurance Company in the aforesaid amount of $300.00 was completely destroyed by fire.

"That said loss was immediately reported to S. Alvin Leopold, local agent for said Hartford Fire Insurance Company, who in turn reported said loss to the company, and on February 24, 1938, from information received by the said Leopold from said company, the said Leopold wrote to A. C. Volk, one of your petitioners, that the said Hartford Fire Insurance Company had declined to pay said claim.

"Subsequent to said date, February 24, 1938, your petitioner employed Madison, Madison & Files, Attorneys at Law, to collect the insurance due them on the aforesaid policy, and on March 2, 1938, their said attorneys wrote to said Hartford Fire Insurance Company, making a formal demand for payment of the $300.00 due under said policy; on March 10, 1938, the said Hartford Fire Insurance Company replied to the aforesaid letter refusing to recognize said claim and again declining payment.

"That one of your petitioners, the said A. C. Volk, made an initial payment and in addition to the initial payment gave his note for $35.84 and said policy was issued to your petitioner in consideration of said initial payment and of said note of A. C. Volk. That said note was payable in annual installments of $8.96, said Hartford Fire Insurance Company specifically reserving the right to collect by suit or otherwise, any past due notes or installments thereon, in the event said installment or said note was not paid at its maturity, all of which is provided for in said policy, which is attached hereto and made a part hereof as though incorporated herein in full, for greater certainty of allegations and all other lawful purposes as 'Exhibit A'.

"That said note was payable in annual installments of $8.96, and said annual installment of $8.96 kept the insurance in force for a period of one year, and the last receipt issued by said Hartford Fire Insurance Company was dated February 4, 1937, which receipt carried the insurance for a period of one year from February 4, 1937, or until February 4, 1938, said receipt being attached as 'Exhibit B'.

"That the annual installment of $8.96 due January 1, 1937, was received by said Hartford Fire Insurance Company on February 4, 1937, and the policy provides as follows:

" 'The Company may collect by suit or otherwise, any past due notes or installments thereof and *a receipt from the said Atlanta office of the company for the payment of past due notes or installments must be received by the assured before there can be a revival of the policy, such revival to begin from the time of said payment,* and in no case to carry the insurance beyond the end of the original term of this policy.'

"That the said $8.96 being for an annual installment and the policy providing that in the event said installment was not paid on its due date, which was on January 1, 1937, the insurance was suspended from the time of said installment is due until the receipt of the installment by the assured, therefore, the annual installment having been paid and a receipt having issued on February 4, 1937, the policy was suspended according to the terms of the policy from its due date, January 1, 1937, to February 4, 1937, and the said installment being for an annual payment, the premium thus paid on February 4, 1937, carried the insurance to February 4, 1938, all of which is fully shown by an examination of the policy and the receipt hereto attached.

"That the installment due January 1, 1935, was paid on January 9, 1935; that the installment due January 1, 1936, was paid on January 14, 1936; that the installment due January 1, 1937, was paid February 4, 1937, and, therefore, the premium paid February 4, 1937, carried the insurance to February 4, 1938, and, accordingly, said policy was in full force and effect at the time of said fire on January 11, 1938.

"That said insurance was in full force and effect on the date of the fire aforesaid and said Hartford Fire Insurance Company has arbitrarily refused to pay the $300.00 claim of your petitioners, and more than 60 days has elapsed since the fire was reported to the company and more than 60 days has elapsed since the refusal of said company to pay the claim, and accordingly your petitioners are entitled to the 12% penalty provided by law and a reasonable attorney's fee, and your petitioners consider $150.00 as a reasonable attorney's fee for their attorneys for collecting said insurance, and suggest that this amount be awarded by this Honorable Court to said attorneys, all in accordance with Act 168 of 1908 of the General Assembly of the State of Louisiana.

"That said note was sufficient consideration to keep the insurance in force, and further that by the payment of the installment on February 4, 1937, by the term of the policy, the insurance was in full force and effect on the date of the fire on or about January 11, 1938."

The insurance policy is attached to the petition. There is also attached a receipt showing that the installment due on the note January 1, 1937, was paid on February 4, 1937.

Defendant excepted to the petition for the alleged reason it neither set out a cause nor right of action.

These exceptions were sustained by the lower court and its written reasons for judgment are as follows:

"In deciding the exception of no cause or right of action, the facts as disclosed by the allegations of the petition and the insurance policy and other exhibits attached to and made part of the petition are as follows:

"On December 12, 1933, the defendant issued to the plaintiff what is known as Farm Installment Policy covering loss by fire as set out in the policy. The period of insurance covered, as set out in the policy, from the 12th day of December, 1933, at 12 o'clock noon, to the 12th day of December, 1938, at 12 o'clock noon. However, the policy contained the clause, —'it is especially agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any installment of the installment note given for the premium upon this policy remains past due and unpaid, etc.' The policy sets out that the consideration for the insurance is '$8.96 when paid, and the payment of installments when due on an installment note of $35.84 due and payable as follows: $8.96 on the 1st days each of January, 1935, 1936, 1937, 1938'. The petition sets forth that a loss by fire occurred on January 11, 1938; that the payment which was due on January 1, 1937, was paid and receipt issued therefor, dated February 4, 1937, and it is contended by plaintiff that this kept the insurance paid up and in force until February 4, 1938, or during the period and on the date that the loss occurred, to-wit, January 11th.

"The court finds that the policy specifically provides that it shall not cover loss which may occur while any install-

ment due remains past due and unpaid. This policy sets forth that there was an installment due January 1, 1938, and of course this installment would be past due and unpaid on January 11, 1938, at the time the loss occurred, even though the receipt for the previous years installment was dated February 4, 1937. The court finds that this is a policy covering a period of five years and that the receipts issued merely reinstated the policy after the lapse, and was not a renewal, as a renewal could only take place after the expiration of the original five-year period. The allegations clearly set forth that the loss occurred at a time when the installment due January 1, 1938, was due and there is no contention or allegation on the part of the plaintiffs that this was paid.

"For the reasons above set forth, the court is of the opinion that the exception of no cause or right of action should be sustained."

From this judgment plaintiffs prosecute this appeal.

The pertinent part of the insurance policy, so far as this case is concerned, provides:

"It is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any installment of the installment note, given for premium upon this policy, remains past due and unpaid; or while any single payment, promissory note (acknowledged as cash or otherwise) given for the whole or any portion of the premium, remains past due and unpaid. Payments of notes and installments thereof must be made to the said Hartford Fire Insurance Company at its Southern Farm Department office in Atlanta, Georgia, or to a person or persons specially authorized to collect the same for said company. And it is expressly agreed that the failure of the assured to receive notice of the approaching maturity of the premium note or notes, or any installment thereof, shall not operate to render the company liable for any loss or damage while such note or notes, or installments thereof, remain overdue and unpaid. The company may collect, by suit or otherwise, any past due notes or installments thereof and a receipt from the said Atlanta office of the company for the payment of past due notes or installments must be received by the assured before there can. be a revival of the policy,

such revival to begin from the time of said payment, and in no case to carry the insurance beyond the end of the original term of this policy."

The plaintiffs in their brief make the following contentions:

"We alleged that the installment due on January 1, 1935, was paid on January 9, 1935; that the installment due on January 1, 1936, was paid on January 14, 1936, and that the installment due on January 1, 1937, was paid on February 4, 1937, and therefore the insurance was in full force and effect for the reason that the policy, according to its stipulations, was suspended during the time that the payment remained in arrears, and certainly the installment being an annual installment, and all installments being in the same amount, $8.96, the true intent and purpose was that this was to carry the insurance for a year, and certainly it was never contemplated that an annual installment would carry the insurance for less than a year, and we therefore contend that if the policy was not in force from January 1 to February 4, 1937, for failure to pay the installment due on January 1, 1937, then by payment on February 4, 1937, it would carry it for a year subsequent to February 4, 1937, and not for a year from January 1st, and the fire having occurred on January 11, 1938, the policy was in force until February 4, 1938, according to its own terms.

"We call your attention to the fact that this policy was written by the company, contains every possible safeguard for the company's protection, and the policy provides that in no case shall the revival of the policy begin until the payment of the installment, received by the assured, and such revival is to begin from the time of said payment, and in no case to carry the insurance beyond the end of the original term of this policy. The policy contract stating specifically that payment of an installment shall in no case carry the insurance beyond the original term of the policy, indicates very strongly that where an installment was paid subsequent to its due date, unless it was the last installment, the annual payment would extend the insurance for one year. Defendant contends that a payment of the annual installment subsequent to its due date, would carry the insurance only until the next installment became due, and there is nothing in the policy which so states, and therefore, our contention is that the payment made on

February 4, 1937, carried the insurance for one year from that date, rather than until January 1, 1938. If the company had intended that the policy would be revived only until the next installment due date, it would have so stated, and would have stated same in no uncertain terms. We therefore contend that as the company has not stated as to how long an annual installment will carry the insurance, that by installment paid subsequent to its due date would carry the insurance for one year subsequent to the payment of said annual installment. We contend this to be in harmony with the universal decisions of our courts, in that forfeiture of insurance policies are not favored, and that in case of ambiguities, that that construction should be placed on the policy which is most favorable to the insured, and upon the further ground that it would be contrary to public policy for an insurance company to issue a policy for a year and accept a year's premium and give less than a year's protection."

■ We do not think these contentions are sound for the reason the policy was not issued as an annual policy, but for a specified term of five years. The entire premium could have been paid in advance, but, for the convenience of the insureds, they were granted time in which to pay it. The payment was divided into the initial payment and four additional ones, and the time when due specifically fixed by the contract and, in plain and unambiguous terms, the contract stated that if loss occurred after any payment was due and unpaid, the insurer would not be liable. It also provided how overdue payments could be made and when, after said payments were made, the policy would again go into effect. The payment of the installments due, as set out in the note and contract, is not a condition precedent to the survival of the contract, as in the ordinary policy issued from year to year, but is a condition modifying and defining the insurer's liability under the contract. The contract of insurance remains binding upon both parties according to its provisions. The liability of the insurer is merely suspended during default in making the payments in accordance with the contract.

Defendant in its brief has the following to say:

"In interpreting contracts of this nature the courts have uniformly held that default in the payment of deferred premiums on any installment note, if the parties have so agreed, suspends the company's liability until such payment is made; but it does not determine the contract nor does it release the insured from the payment of the entire premium, which is a consideration as an entirety for the insurance, in payment of which consideration the company has given the insured conditional credit.

"Your Honors will note further that the protection which the insured procures under this form of contract is conditioned upon his carrying out the terms of the contract by paying the installments of the premium as they become due. The condition of credit to the insured is solely for his convenience and benefit. If the credit were not given he would be required to pay the entire premium in advance. If he fails to comply with the terms of the contract, he cannot complain that the protection he receives is for a less period than five years, for to hold otherwise would permit him to take advantage of his own wrong."

The above principles, as set out in defendant's brief, have been uniformly recognized by the courts and text writers on the law of insurance. Kerr on Insurance, §§ 131, 301; Joyce on Insurance, Vol. 3, § 2510; Wolff's Law of Insurance Agency, page 191; Cooley on Insurance, Vol. 2, pp. 1867-1868; Jefferson Mutual Insurance Company v. Murry, 74 Ark. 507, 86 S.W. 813; Williams et al. v. Albany City Insurance Company, 19 Mich. 451, 2 Am.Rep. 95; Phenix Insurance Company v. Bachelder, 32 Neb. 490, 49 N.W. 217, 29 Am.St.Rep. 443; St. Paul Fire & Marine Insurance Company v. Coleman, 6 Dak. 458, 43 N.W. 693, 6 L.R.A. 87; Rose v. Citizens' Insurance Company of Missouri, 210 Ala. 72, 97 So. 81.

In a supplemental brief, plaintiff relies upon a clause in the policy which reads as follows:

"This policy shall be cancelled at any time at the request of the insured; or by the company by giving five days' notice of such cancellation. If this policy shall be cancelled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewed, this company retaining the customary short rate; except that when this policy is cancelled by this company by giving notice, it shall retain only the pro rata premium."

There is no conflict between this clause and the one relied upon by defendant. This last clause was not made use of by defendant. The policy was not cancelled, as we have stated before, but was only suspended during default in the payment of an installment due.

The judgment of the lower court is correct and is affirmed with costs.